UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YACOUB HANNA,
d/b/a Fleming Food Shoppe,

       Plaintiff,                        Case No. 04-74627

v.                                          District Judge Gerald E. Rosen
                                           Magistrate Judge R. Steven Whalen

UNITED STATES OF AMERICA,
et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION RE: RULE 37 DISMISSAL**

Before the Court is Defendant's Motion for Sanctions for Plaintiff's Failure to Comply with Court's Order Compelling Discovery [Docket #14]. I recommend that the Court dismiss the Complaint pursuant to Fed.R.Civ.P. 37(b)(2)( C ), for Plaintiff's complete and flagrant disregard of a previously entered discovery order.[1]

**I. FACTS**

On November 24, 2004, Plaintiff, the owner of a grocery store, filed a Complaint

---

[1] The motion for sanctions was referred for hearing and determination under 28 U.S.C. §636(b)(1)(A). However, since the remedy of dismissal effectively converts this into a dispositive motion, it is appropriate to proceed by Report and Recommendation under §636(b)(1)(B).

-1-

challenging his disqualification from the Department of Agriculture's Food Stamp program.[2] On March 21, 2005, the Court entered a scheduling order setting a discovery cut-off date of June 30, 2005. On April 13, 2005, Defendants served a Request for Production of Documents on Plaintiff's attorney, pursuant to Fed.R.Civ.P. 34. When no response was forthcoming within the 30-day limit of Rule 34(b), Defendants filed a motion to compel discovery. Plaintiff did not file a response to this motion. On June 16, 2005, the Court entered an order granting Defendants' motion and ordering Plaintiff to respond to Defendants' document requests within ten days.

Plaintiff did not comply with this Court's order compelling discovery within the time set forth in the June 16th order, nor has he complied to this date. On July 17, 2005, Defendants filed the present motion seeking dismissal under Rule 37. On September 26, 2005, the Court entered an order to show cause, directed at Plaintiff, and stating as follows:

> "IT IS ORDERED that Plaintiff shall show cause in writing, within 10 days of the date of this order, why the undersigned should not issue a Report and Recommendation recommending that the Complaint be dismissed."

Plaintiff has not responded to the September 26th show cause order.

## II. LEGAL PRINCIPLES

In general, Rule 37 provides for sanctions for failure to make disclosures or cooperate

---

[2]The Complaint erroneously cites 28 U.S.C. §1346(a)(2) as the jurisdictional basis of this suit. The correct statute is 7 U.S.C. §2023(a)(13). Nevertheless, the Defendants concede that jurisdiction is proper under §2023(a)(13), and that "federal law permits the filing of an action to challenge the final decision of the U.S. Department of Agriculture's Food and Nutrition Service (FNS) relating to a sanction for food stamp trafficking" *Answer*, ¶¶ 1,6.

in discovery. Rule 37(b) provides for sanctions where a party fails to comply with a court order regarding discovery, including, under Rule 37(b)(2)( C ), dismissal of the case where it is the Plaintiff who has been disobedient. A motion to dismiss under this Rule is addressed to the Court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988). The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

In deciding whether to impose "the draconian sanction of dismissal," the first factor–the party's willfulness or bad faith in failing to comply with a discovery order–looms large. *Intercept Security Corp. V. Code-Alarm, Inc.*, 169 F.R.D. 318, 321-22 (E.D. Mich. 1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). In addition, a prior warning that failure to comply with a discovery order will result in dismissal is pivotal both to the determination of willfulness and to the ultimate decision to dismiss. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

### III.   ANALYSIS

### A. Willfulness or Bad Faith

Willfulness is defined as a "conscious and intentional failure to comply with the court order." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). The burden is on the disobedient party "to show that the failure was due to inability and not to willfulness, bad faith, or fault." *Intercept Security*, at 322; *Regional Refuse Systems, supra*, 842 F.2d at 154. In this case, it is difficult to characterize Plaintiff's failure to comply with this Court's discovery order as anything other than willful. Plaintiff did not file objections to Defendants' Request for Production of Documents, nor did he respond to Defendants' original motion to compel. Despite the clear directive of this Court's June 16, 2005 order requiring production within 10 days, Plaintiff did nothing. Plaintiff did not respond to the present motion for sanctions. Finally, Plaintiff failed to comply with the September 26, 2005 order directing him to show cause why a Report and Recommendation should not issue, recommending that the Complaint be dismissed. It is clear that Plaintiff has no interest in complying with the orders of this Court or cooperating in discovery. This first *Harmon* factor therefore weighs heavily against the Plaintiff.

### B. Prejudice to Defendants

The discovery cut-off date has long past, yet Defendants have received nothing in the way of discovery. Indeed, the Plaintiff has blatantly stymied Defendants' ability to obtain discovery relevant to the defense of this lawsuit. *See Maldonado v. Thomas M. Cooley Law School, et.al.*, 65 Fed.Appx. 955 (6th Cir. 2003)(unpublished) ("Further, the existence of

prejudice is clear. Maldonado has completely thwarted the defendants' legitimate attempts to conduct discovery"). The prejudice to the Defendants weighs against the Plaintiff and in favor of dismissing the Complaint.

### C.  Prior Warning

In the September 26, 2005 Order to Show Cause, the Plaintiff was warned in no uncertain terms that dismissal was in the cards. He has not responded to that order. The pre-dismissal warning should be given substantial weight. *Harris v. Callwood, supra*.

### D.  Consideration of Less Drastic Sanctions

When Plaintiff failed to comply with Defendants' first discovery request of April 13, 2005, Defendants were obliged to file a motion to compel. Plaintiff did not respond to the motion, which was granted. Even though Rule 37 sanctions were not imposed at that time, the Court's June 16th order was very clear that the Plaintiff had ten days to comply with Defendants' discovery request. Thus, Plaintiff's previous intransigence has gone unsanctioned, and his response has been more defiance of not only the Defendants' legitimate discovery requests, but of this Court's orders. Giving Plaintiff yet another chance would be futile, hence no useful purpose would be served by doing so.

All four of the *Harmon* factors–especially the Plaintiff's willfulness and the prior warning given to him–weigh strongly in favor of dismissal, and despite being given the opportunity to show cause why the Complaint should not be dismissed, Plaintiff has offered nothing in the way of explanation or mitigation. Defendants' motion should therefore be granted.

### IV.    CONCLUSION

For these reasons, I recommend that Defendants' Motion for Sanctions [Docket #14] be GRANTED, and the Complaint DISMISSED pursuant to Fed.R.Civ.P. 37(b)(2)( C ).

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

        S/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: November 1, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 1, 2005.

        S/Gina Wilson
        Judicial Assistant